IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

JOHN T. FISHER, individually and )
d/b/a DC TRANSMISSION, on behalf )
of himself and all others similarly )
situated, )
                                              )
                Plaintiff, )
                                              )
vs. )    No. CIV-04-1390-W
                                              )
ALBERT A. WARREN, JR., et al., )
                                              )
                Defendants. )

**FILED** JUN 2 9 2005
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

## ORDER

Plaintiff John T. Fisher, individually and d/b/a DC Transmission, filed this action in the District Court for Oklahoma County, Oklahoma, on August 9, 2004, against Albert A. Warren, Jr., Amerifirst Financial Associates, L.L.C. ("Amerifirst"), David Fussell, B&F Corporate Benefits, Inc. ("B&F"), B&F Corporate Benefits Services, Inc. ("B&F Services") and John Does 1 through 10. He asserted causes of action for breach of contract, negligence, breach of fiduciary duty, actual and/or constructive fraud and deceit and unfair and deceptive trade practices and sought actual and punitive damages.

On September 15, 2004, Fisher amended his state court petition by inter alia adding a sixth cause of action entitled "Joint Venture/Agency/Civil Conspiracy," by seeking to certify a class of plaintiffs and by joining as party defendants[1] Pan-American Assurance Company and Pan-American Life Insurance Company (collectively "Pan-Am"). He alleged in his amended prayer for relief that he was entitled not only to actual and punitive damages, but also to equitable and injunctive relief.

---

[1] Fisher also increased the number of unserved Doe defendants from 10 to 100.

On October 21, 2004, Pan-Am removed the matter to this Court contending that the Court has subject matter jurisdiction over certain causes of action asserted by Fisher because they are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq. Pan-Am further contended that any remaining non-removable claims have become removable by operation of the provisions of title 28, sections 1367(a) and 1441(c) of the United States Code.

Fussell, B&F and B&F Services joined in, and consented to, the removal on November 5, 2004, and Warren and Amerifirst joined in, and consented to, the removal on November 22, 2004.

The matter now comes before the Court on Fisher's Motion to Remand. All defendants have responded in opposition to the motion, Fisher has filed a reply and Pan-Am has filed a sur-reply. In addition to these submissions, Pan-Am has filed a supplemental brief to which Fisher has responded. Based upon the record, the Court makes its determination.

In his amended pleading,[2] Fisher has alleged that the

> "[d]efendants have devised a scheme, conspired, or aided and abetted one another to sell universal life insurance policies, with high surrender charges and other fees, as a tax strategy, tax benefit, tax investment, and/or tax deduction by placing them into 'welfare benefit plans' or § 419A(f)(6)[3] plans."

Amended Petition (September 15, 2004) at 2, ¶ 9. Fisher has further alleged that "[i]n

---

[2] Subject matter jurisdiction is determined at the time of removal. A plaintiff may not by amendment defeat subject matter jurisdiction. E.g., Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). Thus, the Court has not considered Fisher's pending Application for Leave to Amend Complaint or the arguments and authorities submitted by the parties in connection with Fisher's request to amend in resolving the instant Motion to Remand.

[3] 26 U.S.C. § 419A(f)(6).

2

reality these plans are abusive tax shelters subjecting participants to tax penalties and liabilities as well as surrender charges on the insurance policies." Id.

Fisher has contended that the Dominion Multiple Employer Welfare Benefit Plan and Trust ("Trust") is one such welfare benefit plan and that the defendants promoted the Trust "as qualifying for exemption under [section] 419A(f)(6) . . . , claiming all 'contributions' to . . . [it were] fully tax deductible." Id. ¶ 12. Fisher has further contended that in 2002, the defendants induced him to purchase a universal life insurance policy issued by Pan-Am "through the . . . Trust by 'contributing' . . . $50,000.00 into the . . . Trust which in turn [paid] the premium." Id. ¶ 13. Fisher has alleged that he paid the defendants additional sums to establish the Trust and maintain the insurance policy, but that the Trust did not offer the tax benefits claimed by the defendants.

ERISA is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983). "It covers both employee pension plans and welfare plans that meet its definitions . . . ." Felix v. Lucent Technologies, Inc., 387 F.3d 1146, 1153 n.5 (10th Cir. 2004)(citing Shaw, 463 U.S. at 90-91).

The instant Trust expressly provides that it "is intended to be and shall constitute a fully-insured multiple employer welfare benefit plan as defined by ERISA . . . ," and for purposes of the instant motion, the Court has concluded that the Trust is governed by ERISA. This does not mean however that every cause of action involving the Trust is completely preempted by ERISA and thus, removable to this Court.

The "complete preemption doctrine" which is at issue in this matter allows the removal of state law causes of action that fall within ERISA's civil enforcement provision,

Section 502(a), 29 U.S.C. § 1132(a). E.g., Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987). "[T]he preemptive force of [Section] 502(a) . . . is so 'extraordinary' that it coverts a state claim into a federal claim for purposes of removal . . . ." Felix, 387 F.3d at 1156 (citation omitted). The defendants have argued that Fisher's causes of action, however pled, are within the scope of Section 502(a) and thus removable, because "'even if pleaded in terms of state law, [they are] . . . in reality based on federal law.'" Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2495 (2004)(quoting Beneficial National Bank v. Anderson, 539 U.S. 1, 8 (2003)).

Section 502(a) provides in pertinent part that

"[a] civil action may be brought–

(1) by a participant . . .

(B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by . . . a participant . . . for appropriate relief under section 1109 of this title; [or]

(3) by a participant . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"

29 U.S.C. § 1132(a).

In his Motion to Remand, Fisher has first contended that his state law claims do not fall within the scope of, and may not be converted to, claims arising under Section 502(a)(1) because he is not attempting through such claims to recover death or additional benefits under, or enforce any terms of, the Trust or attempting to clarify his rights to future benefits under the terms of the Trust. Fisher has grounded his argument in part on his

contention that his state law claims concern only "pre-enrollment conduct."

Generally, state law causes of action based upon preplan conduct are not preempted by ERISA. In this case, Fisher's causes of action are based upon alleged misrepresentations occurring after the Trust was in existence, but prior to Fisher's enrollment or participation in the Trust. Plan formation, however, is not dispositive of the issues raised by the parties; rather, the Court must focus on the relationship between the parties at the time the events occurred giving rise to the lawsuit.

Upon reviewing Fisher's allegations in his amended pleading, the Court finds no causes of action have been advanced that fall within Section 502(a)(1)(B). Fisher has complained about tax consequences; he has not sought to recover Trust benefits, enforce any Trust terms or clarify his rights to future Trust benefits. Thus, the complete preemption doctrine that allows removal of state law causes of action that fall within Section 502(a)(1)(B) is not applicable in this instance. E.g., Taylor, 481 U.S. at 66 (state law claims falling within scope of § 502(a) are completely preempted and removable).

The defendants have contended that even if Fisher's causes of action for misrepresentation are not governed by Section 502(a)(1)(B) and thus, completely preempted, Fisher's other causes of action asserted in his amended pleading and the remedies sought in connection therewith can be recharacterized as claims under Section 502(a). These other claims the defendants have argued include specifically a cause of action for breach of fiduciary duty governed by Section 502(a)(2) and a request for rescission governed by Section 502(a)(3).

Title 29, section 1109 of the United States Code subjects fiduciaries to liability for a breach of their statutorily-imposed duties, and it makes such fiduciaries "personally liable

to make good . . . any losses to the plan resulting from each such breach . . . ." 29 U.S.C. § 1109(a). Section 502(a)(2) authorizes plan participants to seek "appropriate relief" for violations of section 1109, but it precludes individualized relief. As Fisher has argued, in his Third Cause of Action, he is neither complaining about a breach of a statutory fiduciary duty nor claiming a loss to the Trust itself; rather, Fisher is contending that the defendants devised a scheme and promoted, marketed and sold the Trust as qualifying for preferential tax treatment under section 419A, and as a result of such alleged wrongful conduct, he "and numerous other welfare benefit plan participants around the country have been damaged," Amended Petition at 4, ¶ 28, entitling him to actual and punitive damages.

While Fisher has alleged that the defendants owed him a fiduciary duty and that they breached this duty, he has not sued any defendant in its role as an administrator or fiduciary of the Trust. Rather, he has contended that this cause of action is grounded on an independent legal duty and does not arise from those fiduciary duties and responsibilities connected to the administration of the Trust. The Court agrees. Accordingly, Fisher's Third Cause of Action does not fall within the scope of, and is not completely preempted by, Section 502(a)(2) and thus, is not removable to this Court.

The defendants also contended in the Notice of Removal that Fisher complained of conduct that would violate title 29, sections 1104 and 1105 of the United States Code and that his right to redress for such alleged conduct, and in particular, his prayer for rescission,[4] is governed by Section 502(a)(3), 29 U.S.C. § 1132(a)(3). This section is a

---

[4]Fisher prayed that the Court would "[v]oid[] or set[] aside Plaintiff's contracts with Defendants and put[] Plaintiff in a position as if the contracts had never been entered into." Amended Petition at 7, ¶ 4.

"'catchall' provision[] [that] act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [Section] 502 does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996). It authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations, and various circuit courts "have determined that in appropriate circumstances, rescission may be 'appropriate equitable relief' within the meaning of [Section 502(a)(3)]." Gorman v. Carpenters' & Millwrights' Health Benefit Trust Fund, 2005 WL 1349955 *5 (10th Cir. June 8, 2005)(citation omitted).

Sections 1104 and 1105 detail the affirmative duties of an ERISA fiduciary; section 1109 provides for liability for a breach of those duties. Again, in focusing on the relationship between Fisher and the defendants at the time the alleged misconduct occurred, the Court finds Fisher has not complained that the defendants violated any duty identified by section 1104 or section 1105; rather, he has complained about conduct that occurred prior to his enrollment and violations of duty outside of, and unrelated to, the proper administration of the Trust. No duty imposed upon the parties' relationship was derived from, or was imposed by, ERISA or the Trust. In the absence of an alleged violation of section 1104, section 1105 or other relevant statute, the Court finds Section 502(a)(3) is not applicable, despite the equitable nature of any relief Fisher has sought.

The defendants bear the burden of establishing their right to remove, and notices of removal are to be construed strictly with all doubts resolved against removal and in favor of remand. Fisher's state law claims as pled in his amended petition may not be recharacterized as claims under Section 502(a) and do not fall within the scope of the ERISA civil enforcement mechanism. E.g., Coldesina, D.D.S., P.C. v. Estate of Simper, 407 F.3d 1126, 1137 (10th Cir. 2005)(claim only falls within ERISA's civil enforcement

scheme when it is based solely on legal duties created by ERISA or plan terms, rather than independent source). Therefore, such claims are not completely preempted by ERISA and, accordingly, not removable.

Based upon the foregoing, the Court

(1) GRANTS Fisher's Motion to Remand;

(2) REMANDS this matter (including Fisher's pending Application for Leave to Amend Complaint) to the District Court for Oklahoma County, Oklahoma; and

(3) DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of that Court.

ENTERED this 29th day of June, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE